UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

NOV 0 6 2014

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. |
| | § | |
| GARY WAITE | § | |

## 14 CR 549

### INDICTMENT

The Grand Jury charges:

### INTRODUCTION

At all times material to this Indictment:

1.    The United States Food and Drug Administration (FDA) is the federal agency charged with protecting the health and safety of the American public by ensuring that drugs sold to the public were safe and effect for their intended uses and that they bear labeling that enables consumers to use them in a safe manner. The FDA's responsibilities include regulating the manufacture, labeling, and distribution of all drugs and drug components shipped or received in interstate commerce.   To meet those responsibilities the FDA enforces statutes which require that drugs bear labels and labeling that enable customers to use them in a safe manner and that drugs are manufactured in facilities registered with the Secretary of

1

the United States Department of Health and Human Services.    21 §§ 352(f), 352(o) and 360 (c).

2.    To legally introduce, deliver for introduction, or cause the delivery or introduction for delivery of a drug into interstate commerce, a person is required to comply with all applicable provisions of the Federal Food, Drug and Cosmetic Act (FDCA) and its implementing regulations found in Title 21 of the Code of Federal Regulations.

3.    The FDCA's definition of "drugs" includes articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; or an article (other than food) intended to affect the structure or any function of the body of man or other animals; and articles intended for use as a component of such articles.    21 U.S.C. § 321(g)(i).

4.    The FDCA prohibits the introduction of "misbranded" drugs into interstate commerce.    12 U.S.C. § 331.

5.    "Misbranding" includes any of the following conduct:

(a)    dispensing, without a prescription, a drug intended for use by man which, because of its toxicity or potential for harmful effect, was not safe for use except under supervision of a licensed practitioner.    21 U.S.C. § 353(b)(1).

2

(b)     where a drug's labeling does not bear adequate directions for use, 21 U.S.C. § 352(f)(1);

(c)     where the drug was manufactured, prepared, propagated, compounded or processed in an establishment not registered with the Secretary of Health and Human Services,   21 U.S.C. § 352(o); or

(d)     false or misleading labeling of a drug in any particular, 21 U.S.C. § 352(a).

The introduction or delivery for introduction into interstate commerce of a "misbranded" drug with intent to defraud or mislead the consumer or a federal regulatory agency is a felony.   21 U.S.C. § 333(a)(2).

6.     "Peptides" were chemical compounds containing 2 or more amino acids linked by the carboxyl group of one amino acid and the amino group of another.   (Webster's II New College Dictionary, 3d Ed. 2005.)   Due to their toxicity or potential for harmful effect, peptides could not be dispensed for human use without a prescription from a licensed medical practitioner.

7.     There was an illegitimate market for peptides among body builders and others who engaged in weight training, since it was believed that the use of these substances enhanced muscle development.

8.    Illegal distribution of peptides was facilitated by use of the Internet, through which such substances could be sold without a prescription by sources in other countries, including the People's Republic of China.

9.    The Food and Drug Administration (FDA) monitored web-sites to ensure that the distribution of prescription drugs was in compliance with the law.

10.    The defendant, GARY WAITE, was the owner of Metarev, LLC, and he maintained an internet site under the name www.tanresearch.com in which he sold "peptides" and drugs that did not have FDA approval in the United States.

11.    The defendant created web-sites under the titles "PeptideCalculator.com" and "PeptideGuide.com" in order to provide dosing information to persons receiving his product.

## INTENT TO DEFRAUD OR MISLEAD

12.    It was further a part of the intent to defraud or mislead the FDA that GARY WAITE posted on his web-site statements which falsely indicted that chemicals/materials for sale were intended for research, when in fact, the defendant sponsored web-sites such as "PeptideCalculator.com" and "PeptideGuide.com" for personal dosage of peptides.

4

13. It was further a part of the intent to defraud or mislead that the above-described disclaimer was a façade which was designed to deceive the FDA, and which GARY WAITE and his customers knew to be false and fraudulent.

14. It was further a part of the intent to defraud or mislead that GARY WAITE provided e-mail replies to his customers describing the benefits of his products for burning fat and tanning, and he provided information regarding dosages from his web-sites "PeptideCalculator.com" and "PeptideGuide.com".

15. It was further a part of the intent to defraud or mislead that GARY WAITE shipped drugs under the false customs declaration of "cosmetics" in order to deceive customs inspectors.

16. It was further a part of the scheme and artifice to defraud that GARY WAITE directly and indirectly obtained peptides from Canada and the People's Republic of China, but claimed the drugs were manufactured in the United States.

## COUNT ONE

17. Paragraphs 1 through 16 are incorporated herein as if fully set forth.

18. On or about August 15, 2012, in the Southern District of Texas and elsewhere, the defendant, GARY WAITE, with the intent to defraud and

5

mislead, did cause the introduction into interstate commerce of peptide drugs, that is

vials of Melanotan II, PT-141, Ipamorelin and GHRP-6 all of which were

misbranded in one or more of the following ways:

(a)   dispensing, without a prescription, a drug intended for use by

man which, because of its toxicity or potential for harmful effect, was not safe for

use except under supervision of a licensed practitioner, 21 U.S.C. § 353(b)(1);

(b)   selling a drug in which the labeling does not bear adequate

directions for use, 21 U.S.C. § 352(f)(1); and

(c)   preparing, propagating a drug and processing a drug in an

establishment not registered with the Secretary of Health and Human Services,   21

U.S.C. § 352(o).

In violation of 21 U.S.C. §§ 331(a) and 333(a)(1).

A TRUE BILL:

By:   _____ORIGINAL SIGNATURE ON FILE_____
      Foreperson of the Grand Jury

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By:   _____
      Jim McAlister
      Assistant United States Attorney